UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MATTHEW HAWLEY,

                  Plaintiff

      vs.                                  Civil Action No.: 23-cv-6416

ENERSYS, INC., ENERSYS DELAWARE, INC., HENKEL CORPORATION,
HENKEL US OPERATIONS CORPORATION,
and JOHN DOE,

                  Defendants

_____

## AMENDED COMPLAINT

Plaintiff, by and through his attorneys, Michaels Bersani Kalabanka, P.C. files this Amended Complaint against defendants Enersys, Inc., Enersys Delaware, Inc., Henkel Corporation, Henkel US Operations, Corporation and John Doe, as follows:

## PARTIES

1. At all times hereinafter mentioned, the plaintiff was and is a resident of Canandaigua, County of Ontario, State of New York.

2. Upon information and belief, at all times hereinafter mentioned, defendant EnerSys, Inc. ("EnerSys") is a Delaware corporation with headquarters in Reading, Pennsylvania, which operates throughout the United States including in New York.

3. Upon information and belief, at all times hereinafter mentioned, defendant EnerSys Delaware, Inc. ("EnerSys Delaware") is a Delaware corporation with headquarters in Reading, Pennsylvania, which operates throughout the United States including in New York.

4. Upon information and belief, at all times hereinafter mentioned, defendant Henkel Corporation ("Henkel") is a Delaware corporation with headquarters in Rocky Hill, Connecticut, with an office for the transaction of business and a manufacturing plant at 300 Forge Avenue, Geneva, Ontario County, New York.

5. Upon information and belief, at all times hereinafter mentioned, defendant Henkel US Operations Corporation ("Henkel US") is a Delaware corporation with headquarters in Rocky Hill, Connecticut, with an office for the transaction of business and a manufacturing plant at 300 Forge Avenue, Geneva, Ontario County, New York.

6. Upon information and belief, at all times hereinafter mentioned, defendant John Doe, is an unknown defendant who may have had an "ownership interest" (including but not limited to a leasehold or other real property interest within the meaning of New York Labor Law sections 240 and 241[6]) of the property located at 300 Forge Avenue, Geneva, Ontario County, New York.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper in this judicial district pursuant to (i) 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district; and (ii) because defendants regularly and systematically conduct business in this judicial district including, without limitation, the transactions at issue in this action. Defendants are subject to this court's personal jurisdiction and are deemed to reside in this judicial district pursuant to §1391 (c) (2) and (d).

## STATEMENT OF FACTS

9. Prior to September 10, 2020, defendants Henkel Corporation and/or Henkel US Operations Corporation entered into a contract with plaintiff's employer, Sloth Electric Inc. ("Sloth"), pursuant to which Sloth was to, among other things, electrically disconnect an old existing bank of forklift battery chargers, and install new electric forklift battery charging stations throughout the Henkel Geneva plant located at 300 Forge Avenue, Geneva, NY. Said new battery charging stations consisted of metal frames and stands to be bolted to the plant's walls and floors.

10. Sloth's contact also required it to mount electrical service disconnects to each charging station into said stands/frames with conduits leading to forklift battery chargers which were also to be mounted in stands/frames.

11. The battery chargers themselves were not to be installed/mounted into the frames/stands by Sloth, but rather by defendants EnerSys and/or Enersys Delaware.

12. Henkel Corporation and/or Henkel US Operations Corp. had separately contracted with defendants Enersys and/or Enersys Delaware to install said forklift battery chargers.

13. On September 10, 2020, plaintiff Matthew Hawley was an employee of Sloth.

14. By September 10, 2020, plaintiff and co-workers had previously electrically disconnected an old existing bank of battery chargers.

15. On September 10, 2020, plaintiff was electrically hooking up the new battery chargers as they were being installed by defendants EnerSys and/or EnerSys Delaware.

16. At approximately 11:00 a.m., an employee of defendants EnerSys and/or EnerSys Delaware asked plaintiff to help lift a battery charger and place it on a mounting stand because it was too heavy for him to lift on his own.

17. Plaintiff helped the EnerSys employee place the battery charger on the stand.

18. After placing the battery charger on the stand, the EnerSys employee walked away without securing the battery charger.

19. The battery charger fell off the stand and onto plaintiff, causing serious injuries to plaintiff.

## FIRST CAUSE OF ACTION AGAINST
## DEFENDANTS ENERSYS AND ENERSYS DELAWARE

20. Defendants EnerSys and/or EnerSys Delaware, or their employees acting under their authority, violated New York State Labor Law §241(6).

21. Said violation caused plaintiff's injuries.

22. As a result of said violation by the defendants, their officers, agents, and employees, plaintiff suffered extensive and permanent personal injuries which, upon information and belief, will have permanent residual aftereffects.

23. As a result, plaintiff has incurred medical expenses and lost earnings.

24. As a result, plaintiff has experienced and continues to experience pain and suffering and physical limitations.

## SECOND CAUSE OF ACTION AGAINST
## DEFENDANTS ENERSYS AND ENERSYS DELAWARE

25. Defendants EnerSys and/or EnerSys Delaware or their employees acting under their authority violated New York Labor Law §200 in that they did not make the workplace reasonably safe as to provide reasonable and adequate protection to the life, health, and safety of plaintiff.

26. Said violation caused plaintiff's injuries.

27. As a result of said violation by the defendants, their officers, agents, and employees, plaintiff suffered extensive and permanent personal injuries which, upon information and belief, will have permanent residual aftereffects.

28. As a result, plaintiff has incurred medical expenses and lost earnings.

29. As a result, plaintiff has experienced and continues to experience pain and suffering and physical limitations.

### THIRD CAUSE OF ACTION AGAINST
### DEFENDANTS ENERSYS AND ENERSYS DELAWARE

30. Defendants EnerSys and/or EnerSys Delaware or their employees acting under their authority violated New York State Labor Law §240.

31. Said violation caused plaintiff's injuries.

32. As a result of said violation by the defendants, their officers, agents, and employees, plaintiff suffered extensive and permanent personal injuries which, upon information and belief, will have permanent residual aftereffects.

33. As a result, plaintiff has incurred medical expenses and lost earnings.

34. As a result, plaintiff has experienced and continues to experience pain and suffering and physical limitations.

### FOURTH CAUSE OF ACTION AGAINST
### DEFENDANTS ENERSYS AND ENERSYS DELAWARE

35. The incident in which the plaintiff was injured was caused by the negligence of the defendants EnerSys and/or EnerSys Delaware, their officers, agents, employees, including by their employee who placed the battery charger on the stand as described above.

36. Defendants, their officers, agents, and employees were negligent by: failing to provide enough employees to lift the battery chargers they were installing; failing to secure the battery charger to the stand properly; failing to warn plaintiff that it was not secured properly, creating an unsafe condition; and was otherwise generally negligent.

37. As a result of the negligence of the defendants, their officers, agents, and employees, plaintiff suffered extensive and permanent personal injuries which, upon information and belief, will have permanent residual aftereffects.

38. As a result, plaintiff has incurred medical expenses and lost earnings.

39. As a result, plaintiff has experienced and continues to experience pain and suffering and physical limitations.

## FIFTH CAUSE OF ACTION AGAINST HENKEL CORPORATION AND HENKEL US OPERATIONS CORP.

40. Defendants Henkel Corporation and/or Henkel US Operations Corporation or their employees acting under their authority violated New York State Labor Law §241(6).

41. Said violation caused plaintiff's injuries.

42. As a result of said violation by the defendants, their officers, agents, and employees, plaintiff suffered extensive and permanent personal injuries which, upon information and belief, will have permanent residual aftereffects.

43. As a result, plaintiff has incurred medical expenses and lost earnings.

44. As a result, plaintiff has experienced and continues to experience pain and suffering and physical limitations.

## SIXTH CAUSE OF ACTION AGAINST HENKEL CORPORATION AND HENKEL US OPERATIONS CORP.

45. Defendants Henkel Corporation and/or Henkel US Operations Corporation or their employees acting under their authority violated New York Labor Law §200 in that they did not make the workplace reasonably safe, and the workplace was not constructed, equipped, arranged, operated, and conducted as to provide reasonable and adequate protection to the life, health, and safety of plaintiff.

46. Said violation caused plaintiff's injuries.

47. As a result of said violation by the defendants, their officers, agents, and employees, plaintiff suffered extensive and permanent personal injuries which, upon information and belief, will have permanent residual aftereffects.

48. As a result, plaintiff has incurred medical expenses and lost earnings.

49. As a result, plaintiff has experienced and continues to experience pain and suffering and physical limitations.

### SEVENTH CAUSE OF ACTION AGAINST
### HENKEL CORPORATION AND HENKEL US OPERATIONS CORP.

50. Defendants Henkel Corporation and/or Henkel US Operations Corporation or their employees acting under their authority violated New York State Labor Law §240.

51. Said violation caused plaintiffs' injuries.

52. As a result of said violation by the defendants, their officers, agents, and employees, plaintiff suffered extensive and permanent personal injuries which, upon information and belief, will have permanent residual aftereffects.

53. As a result, plaintiff has incurred medical expenses and lost earnings.

54. As a result, plaintiff has experienced and continues to experience pain and suffering and physical limitations.

### EIGHTH CAUSE OF ACTION AGAINST
### HENKEL CORPORATION AND HENKEL US OPERATIONS CORP.

55. The incident in which the plaintiff was injured was caused by the negligence of the defendants Henkel Corporation and/or Henkel US Operations Corporation, their officers, agents and employees.

56. Said negligence caused plaintiffs' injuries.

57. As a result of said negligence by the defendants, their officers, agents, and employees, plaintiff suffered extensive and permanent personal injuries which, upon information and belief, will have permanent residual aftereffects.

58. As a result, plaintiff has incurred medical expenses and lost earnings.

59. As a result, plaintiff has experienced and continues to experience pain and suffering and physical limitations.

## NINTH CAUSE OF ACTION AGAINST DEFENDANT JOHN DOE

60. Upon information and belief, a separate corporation from the Henkel defendants, herein referred to as "John Doe", may have had an "ownership interest" (including but not limited to a leasehold or other real property interest within the meaning of New York Labor Law sections 240 and 241[6]) in the property located at 300 Forge Avenue, Geneva, Ontario County, New York.

61. Should said defendant exist, said defendant is equally liable to plaintiff for the violations of New York State's Labor Law as set forth above in the allegations against the Henkel corporations above.

62. As a result of said violation by said defendant, its officers, agents, and employees, plaintiff suffered extensive and permanent personal injuries which, upon information and belief, will have permanent residual aftereffects.

63. As a result, plaintiff has incurred medical expenses and lost earnings.

64. As a result, plaintiff has experienced and continues to experience pain and suffering and physical limitations.

65. All the above actions fall within an exception to the application of Article 16 of the CPLR.

## REQUEST FOR RELIEF

66. Plaintiff request that defendants be summoned to appear and answer this action and, upon final trial, the Court enter judgment in favor of plaintiff and against defendants:

(a) Awarding all actual, special and compensatory damages to plaintiff in amount to be determined at trial;

(b) Awarding exemplary damages to plaintiff;

(c) Awarding pre-judgment and post-judgment interest to plaintiff;

(d) Awarding the legally allowable costs and expenses of litigation to plaintiff; and

(e) Such further relief as this Court deems necessary, proper and just and to which plaintiff is entitled, in law or in equity.

DATED:   August 3, 2023

Respectfully submitted,

By: _____
Michael G. Bersani
Bar Roll No.: 507928
bersani@mbk-law.com

MICHAELS BERSANI KALABANKA, P.C.
Office and P.O. Address
17 East Genesee Street, Suite 401
Auburn, New York 13021
315/253-3293